# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA

**INDRATECH, LLC**
a Michigan limited liability company,

    Plaintiff

v.

**FIBRIX, LLC**,
a Delaware limited liability company,

    Defendant

Case No.:

JURY TRIAL DEMANDED

## COMPLAINT & JURY DEMAND

NOW COMES Plaintiff Indratech, LLC ("Indratech"), by and through its attorneys, Carlson, Gaskey & Olds, P.C., and for its Complaint against Defendant Fibrix, LLC ("Fibrix" or "Defendant") states as follows:

## PARTIES

1. Indratech is a Michigan limited liability company having its primary place of business at 1212 E. Maple, Troy, Michigan 48083.

2. Fibrix is a Delaware limited liability company with its primary place of business at 1820 Evans Street NE, Conover, North Carolina 28613.

## JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§1331 (federal question) and 1338 (patents).

4. Fibrix is subject to personal jurisdiction in this Court. In particular, this Court has personal jurisdiction over Fibrix because it has engaged in continuous, systematic and substantial activities within this judicial district, including the marketing and sales of products in this judicial district. Furthermore, upon information and belief, this Court has personal jurisdiction over Fibrix in this case because it has committed acts giving rise to Indratech's claim for patent infringement within and directed to this judicial district.

5. Venue in this Court is proper pursuant to 28 U.S.C. §1391(b) and (c) and 28 U.S.C. §1400(b).

## BACKGROUND

6. Indratech designs, manufactures, and markets advance fiber material, and innovative products utilizing its fiber material. Indratech's fiber material, known as "Indura Performance Fiber" or "IPF", is an innovative material that offers significant advantages over conventional foam or cushion materials in a variety of applications. In particular, Indratech has developed mattress applications using IPF that greatly improve conventional mattress design.

7. To protect its innovative technology, Indratech has obtained patents covering its mattress technology.

8. On July 19, 2016, the United States Patent and Trademark Office duly and lawfully issued United States Patent No. 9,392,877 ("the '877 patent"), entitled

2

"Turntable Spring Mattress and Method of Making Same." A true and correct copy of the '877 patent is attached hereto as **Exhibit 1**.

9. The '877 patent names Surendra S. Khambate, Scott W. Lewis, and Matthew Scott Heinrich as inventors.

10. Indratech is the owner by assignment of all right, title, and interest in the '877 patent.

11. The '877 patent remains valid, enforceable, and unexpired.

12. The '877 patent generally relates to, among other things, a novel method and device using polymer fiber structures for tuning characteristics of a mattress.

13. Claim 1 of '877 patent discloses a mattress comprising a spring core including a plurality of coil springs wherein the outermost coils provide a spring core assembly perimeter and the springs provide a spring rate in the direction of a height of the spring core assembly. '877 patent at Claim 1. The mattress further consists of a polymer structure comprising polyester fibers interlinked with one another which is arranged outside the mattress's outermost spring coil springs. *Id.* The polymer structure provides a second spring rate in the direction of the height of the spring core assembly. *Id.* The second spring rate is an increased spring rate relative to a polymer structure with randomly oriented fibers. The polymer structure provides a monolithic perimeter rail. *Id.* Put more simply, Claim 1 discloses a

3

mattress consisting of a traditional spring core having a perimeter "rail" made of interlinked polyester fiber. This rail provides numerous benefits over a traditionally constructed mattress.

14. Fibrix is a competitor of Indratech that, among other things, manufactures and sells fiber materials for use in bedding products.

15. Fibrix makes, uses, sells, offers for sale, or imports a fiber rail product for use in mattresses covered by at least one claim of the '877 patent. An example of Fibrix's product is pictured in **Exhibit 2**. As shown in **Exhibit 2**, Fibrix manufactures a polymer structure with interlocking polyester fibers designed and marketed specifically for use as a rail along the perimeter of a coil spring core in a mattress.

16. On February 9, 2016, Indratech's counsel provided Fibrix with a copy of the then-pending application that resulted in the '877 patent and requested that Fibrix cease and desist its infringing conduct. Fibrix refused.

## COUNT I – CONTRIBUTORY INFRINGEMENT OF THE '877 PATENT

17. Indratech incorporates and re-alleges all of the preceding paragraphs as though each were fully set forth herein.

18. A mattress comprising a spring core assembly and Fibrix's polymer fiber rail product falls within the scope of at least claim 1 and claims 2 through 10 of the '877 patent.

4

19. Upon information and belief, with knowledge of the '877 patent, Fibrix has contributed to and continues to contribute to the infringement of the '877 patent under 35 U.S.C. § 271(c) by selling, offering to sell, or importing its polymer fiber rail structure for use by mattress manufacturers.

20. Fibrix's customers directly infringe the '877 patent by using the Fibrix rail to manufacture, sell, offer to sell, or import mattresses comprising a spring core assembly with the Fibrix rail arranged around its perimeter.

21. The Fibrix rail has no substantial non-infringing use.

22. The accused Fibrix rail constitutes a material part of the invention of the '877 patent.

23. Fibrix knows that the accused Fibrix rail is especially made or especially adapted for use in an infringement of the '877 patent for at least the reason that the rail is advertised, sold, or offered for sale only to create mattresses covered by the '877 patent.

24. Fibrix has knowledge of the '877 patent and that Fibrix's customers' use of the accused rail directly infringes the claims of the '877 patent.

25. As a result of Fibrix's contributory infringement, Indratech has suffered substantial damages.

26. Indratech will suffer severe and irreparable harm unless Fibrix's infringement is enjoined by this Court. The threatened injury to Indratech outweighs

5

any harm that an injunction may cause to Fibrix and injunctive relief would not disserve the public interest in these circumstances.

## COUNT II – INDUCED INFRINGEMENT OF THE '877 PATENT

27. Indratech incorporates and re-alleges all of the preceding paragraphs as though each were fully set forth herein.

28. Upon information and belief, with knowledge of the '877 patent, Fibrix has induced and continues to induce the infringement of the '877 patent under 35 U.S.C. § 271(b) by selling, offering to sell, or importing the Fibrix rail for use by its customers.

29. Fibrix's customers directly infringe by using the rail to manufacture, sell, offer to sell, or import mattresses comprising a spring core assembly with the Fibrix rail arranged around its perimeter.

30. Fibrix specifically intended its customers to infringe at least claim 1 '877 patent and knew that its customers' acts constituted infringement. Despite a high likelihood that its actions would induce its customers' direct infringement of the '877 patent, Fibrix marketed and sold its rail to its customers to practice the claimed invention. Fibrix's customers directly infringe the '877 patent by creating mattresses following the instructions and marketing materials provided by Fibrix.

31. Fibrix knew that its customers' actions, when performed, would directly infringe the '877 patent.

6

Case 3:16-cv-00699-GCM   Document 1   Filed 09/30/16   Page 6 of 9

32. Upon information and belief, despite having knowledge of the '877 patent, Fibrix continues to actively induce infringement of the '877 patent by continuing to promote the infringing Fibrix rail. Fibrix intended its customers to directly infringe the '877 patent, or at the very least, were willfully blind to the fact that Fibrix's customers' use of the Fibrix rail would directly infringe the '877 patent.

33. As a result of Fibrix's induced infringement of the '877 patent, Indratech has suffered substantial damages.

34. Indratech will suffer severe and irreparable harm unless Fibrix's infringement is enjoined by this Court. The threatened injury to Indratech outweighs any harm that an injunction may cause to Fibrix and injunctive relief would not disserve the public interest in these circumstances.

## **PRAYER FOR RELIEF**

WHEREFORE, Indratech requests judgment in its favor against Fibrix and award the following relief:

A. An order adjudging that Fibrix has infringed the '877 patent;

B. An order adjudging Fibrix to have willfully infringed the '877 patent;

C. A permanent injunction enjoining Fibrix, its officers, directors, agents, servants, employees, and those persons in active concert or participation with Fibrix, from directly or indirectly infringing the '877 patent in violation of 35 U.S.C. §271;

D. An award of damages adequate to compensate Indratech for Fibrix's infringement of the '877 patent;

E. An award of damages adequate to compensate Indratech for infringement including those damages provided for in 35 U.S.C. §154(d);

F. An order for a trebling of damages and/or exemplary damages because of Fibrix's willful infringement pursuant to 35 U.S.C. §284;

G. An order adjudging that this is an exceptional case;

H. An award to Indratech of its attorney fees and its costs and expenses incurred in connection with this action pursuant to 35 U.S.C. §285; and,

I. Such other and further relief that this Court deems just and proper.

## JURY DEMAND

Pursuant to Fed R. Civ. P. 38(b) and 5(d), Plaintiff demands a trial by jury for all issues so triable.

Respectfully Submitted,

Dated: September 30, 2016    CARLSON, GASKEY & OLDS, P.C.

/Timothy C. Bradley/
Timothy C. Bradley (N.C. State Bar No. 41119)
Carlson Gaskey & Olds, P.C.
400 W. Maple, Suite 350
Birmingham, Michigan 48009
(248) 988-8360
tbradley@cgolaw.com

# **INDEX OF EXHIBITS**

1. United States Patent No. 9,392,877 ("the '877 patent"), entitled "Turntable Spring Mattress and Method of Making Same."

2. Example of Fibrix's fiber rail product.